UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ANGELO LUGO,

                                  Plaintiff,

-against-

ALLSTATE INSURANCE COMPANY,

                                  Defendant.

------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-07150 (JMA) (JMW)

FILED
CLERK
8/31/2022 3:13 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Angelo Lugo brings this action against Defendant Allstate Insurance Company pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. (See Complaint, ECF No. 1 ("Compl.").) [1] On May 27, 2021, the Clerk of Court entered a certificate of default after Defendant failed to appear or otherwise defend this action. (ECF No. 16.) Plaintiff then filed a motion for a default judgment (ECF No. 18), which the Honorable Denis R. Hurley referred to Magistrate Judge James M. Wicks for a report and recommendation ("R&R"). (Electronic Order dated Jan. 5, 2022.) This action was reassigned to the undersigned on July 11, 2022. In a R&R issued on August 10, 2022, Magistrate Judge Wicks recommends, inter alia, denying Plaintiff's motion for failure to comply with Local Civil Rule 55.2. (ECF No. 21.) [2]

After the Court ordered Plaintiff to serve a copy of the R&R on Defendant, counsel appeared on Defendant's behalf. (Electronic Order dated Aug. 11, 2022; ECF No. 24.) Defendant

---

[1] The Complaint sets forth a single claim for relief pursuant to ADEA. However, it also refers—only in passing—to "Plaintiff's state law claims" and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq. (Compl. at ¶¶ III, 1–2.) The Court does not decide at this time whether the Complaint asserts a claim for relief under the NYSHRL.

[2] The R&R also recommends (1) that, if the Court were to look past Plaintiff's non-compliance with Local Civil Rule 55.2, the motion be denied due to Plaintiff's failure to exhaust administrative remedies before the Equal Employment Opportunity Commission; and (2) that, if the Court were to reach the merits of Plaintiff's ADEA claim, the motion be granted because the allegations in the Complaint establish a prima facie case of age discrimination. (R&R at 11–18.)

requested an extension of time to object to the R&R, explaining that it had only become aware of this action on August 22, 2022. (ECF No. 25 at 1.) Defendant represented that its response to the R&R would "detail why the Court should adopt Magistrate Judge Wicks' Report and Recommendation," in part because "[i]t is undisputed that Plaintiff failed to comply with Local Civil Rule 55.2." (Id.) Defendant also "dispute[d] that it was ever properly or timely served with the Complaint." (Id. at 1 n.1.) Plaintiff then filed a letter consenting to Defendant's request for an extension of time. (ECF No. 27.) Additionally, Plaintiff stated that he "takes no issue with the [R&R]," and "respectfully withdraws his motion for a default judgment . . . with leave to renew." (Id.)

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y.), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

After conducting a review of the full record (including the motion papers, R&R, and the parties' recent letter submissions described above) and applicable law, the Court adopts Magistrate Judge Wicks' R&R as the opinion of the Court, solely to the extent that the R&R recommends denying Plaintiff's motion for failure to comply with Local Civil Rule 55.2. Neither party objects to this portion of the R&R, and it provides a sufficient basis to deny Plaintiff's motion. See, e.g., Pruco Life Ins. Co. of New Jersey v. Est. of Locker, No. 12-CV-882, 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) (denying default judgment motion where plaintiff failed to comply with

Local Civil Rule 55.2). The Court has reviewed this portion of the R&R for clear error and, finding none, adopts this portion of the R&R as the opinion of the Court.

For the foregoing reasons, the Court affirms and adopts the R&R in part as the opinion of the Court. Plaintiff's motion for a default judgment is DENIED for failure to comply with Local Civil Rule 55.2. Additionally, the Court DENIES as moot (1) Plaintiff's request to withdraw the default judgment motion, and (2) Defendant's motion for an extension of time to object to the R&R.

**SO ORDERED.**

Dated: August 31, 2022
Central Islip, New York

                                                 /s/ (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE